**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4504**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

KEIZAR MONTRELL RANDALL,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:05-cv-02439-TLW-1; 4:03-cr-00922-TLW-1)

Submitted:  June 4, 2009              Decided:  July 2, 2009

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Guy J. Vitetta, Charleston, South Carolina, for Appellant.
Alfred William Walker Bethea, Jr., Assistant United States
Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keizar Randall was convicted after pleading guilty to possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). The district court sentenced Randall to 282 months' imprisonment. Randall appealed.

Randall's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating there are no meritorious issues for appeal. However, counsel raises the question of whether Randall's sentence was greater than necessary to comply with the sentencing factors set forth in 18 U.S.C. § 3553 (2006). Although advised of his right to file a pro se supplemental brief, Randall has not done so.

Appellate courts review sentences for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007). Sentences within the applicable Guidelines range may be presumed by the appellate court to be reasonable. Rita v. United States, 551 U.S. 338, __, 127 S. Ct. 2456, 2459, 2462 (2007); United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

When determining a sentence, the district court must calculate the appropriate advisory Guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall, 128 S. Ct. at 596. The district court

2

followed the necessary procedural steps in sentencing Randall, appropriately treating the Guidelines as advisory, properly calculating and considering the applicable Guidelines range, and referencing § 3553(a). While the court did not specifically discuss the § 3553(a) factors, a district court need not "robotically tick through . . . every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). The record establishes that the court articulated relevant sentencing factors, including Randall's criminal history, Randall's family background and personal characteristics, and the seriousness of the offense, prior to imposing its chosen sentence. The district court thus made an individualized assessment of the appropriate penalty, and stated the particular facts unique to Randall supporting the sentence. See United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Furthermore, the 282-month sentence, which is within the advisory Guidelines range and well below the applicable statutory maximum of life imprisonment, see 21 U.S.C. § 841(b)(1)(A), is presumed reasonable on appeal. For these reasons, the sentence imposed by the district court was reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Randall's conviction and sentence. This

3

court requires that counsel inform Randall, in writing, of the right to petition the Supreme Court of the United States for further review. If Randall requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Randall.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED